ROBERT WILSON, Administrator, vs. NATHANIEL TUCKER.

In an action by an administrator upon several promissory notes, expressed to be given for rent, and each having a memorandum indorsed upon it, that it was to be paid according to a contract between the plaintiff's intestate and the defendant, held, that the memorandum on each note was to be considered a part of it, and that parol evidence was admissible to show what agreement or instrument was intended to be referred to.

ASSUMPSIT to recover the amount of certain promissory notes made and signed by defendant, bearing date at different times and payable on demand to plaintiff, all of which except two bore this indorsement, or words to the same effect, " To be paid according to contract." The plaintiff's demurrer to a special plea in bar of the defendant having been sustained (see report of the case in 9 R. I. 137), the case was tried upon the defendant's plea of the general issue at the October Term of this court for this county, 1868, before Mr. Justice *Durfee* and a jury, when the defendant offered parol evidence to prove that the contract referred to on said notes was the contract set out in the overruled plea, namely, that the plaintiff's intestate, by a certain written instrument, agreed to give further time to defendant for the payment of rents due and to become due from defendant to plaintiff for the use of a certain mill, and that such rents should be payable by instalments when said mill could (and not until it could) be run to profit, and that said mill could not have been run to profit until after the death of plaintiff's intestate, and that the defendant was deprived of the use of said mill by plaintiff, and thus prevented from paying said rents according to contract, and that the said notes declared on were given for said rent, subject to the provisions of said agreement. The court ruled the evidence inadmissible, and a verdict was rendered in favor of the plaintiff for $3,361.49, whereupon the defendant alleged exceptions and moved for a new trial.

*Payne*, for the defendant, in support of the motion, cited 1 Greenl. Ev. §§ 282, 288, and cases cited.

*Browne & Van Slyck*, for the plaintiff, *contra.* I. The notes are complete and perfect in themselves, and there is nothing in the indorsements contradictory to or in alteration of the notes, or the contracts thereby evidenced. Hence, as there is no ambiguity whatever, parol proof cannot be admitted to contradict, vary, alter, or explain them. *Child* v. *Wells*, 13 Pick. 271; *Shank-*land v. *Washington*, 5 Pet. 390; *Arnold* v. *Stackpole*, 11 Mass. 27; *Spring* v. *Lovett*, 11 Pick. 420. Indeed so universal is this rule that no averment even is admissible that contradicts a written instrument. *United States* v. *Thompson*, 1 Gall. 388.

II. It is not competent to show by parol that one written instrument is altered or superseded by another. *Shankland* v. *Washington*, 5 Pet. 390; *Dunlap* v. *Munroe*, 7 Cranch, 242; *Wilsenberger* v. *Harmony Ins. Co.* 56 Pa. State, 442.

III. Parol evidence is admissible to prove the contents of promissory notes that are lost. *Jones* v. *Fales*, 5 Mass. 101.

IV. A new trial will not be granted where it is evident that the verdict must be the same, for it is for the interest of all that there should be an end of litigation. The opinion of the court, in sustaining the demurrer to defendant's special plea, shows conclusively that even if admitted in evidence the verdict ought to be the same as it is, namely, for plaintiff.

POTTER, J. Assumpsit on several promissory notes. Several of the notes in suit are expressed to be for rent, and all except the two earliest in date have a memorandum indorsed that the note is to be paid according to a contract between Comer Waterman, deceased, of whose estate the plaintiff is administrator, and the defendant. The jury, if there were no evidence, confessedly might well infer from the writing and from the custody of the papers, that these memoranda were made at the time of the execution of the notes, or at least before their delivery to the deceased. The defendant claims, that the agreement referred to is an agreement in writing dated December 12, 1861, by which Comer Waterman, the defendant, complaining of his inability to pay rent, agrees not to press for the rents that may hereafter become due, but to wait until the mill runs as in ordinary times with profit, when the rents are to be paid in full as follows : the

regular quarterly rent first, and ten per cent. on the back rents until they are paid ; and this agreement is on condition the defendant was not to employ two men whom he names. This agreement, it seems, related to the rent of a mill. A lease is referred to in the agreement, but none is produced. We think there is no doubt but that the memorandum on each note is to be considered a part of it, and that parol evidence may be resorted to in order to show what agreement or instrument is intended to be referred to. *Heywood* v. *Perrin*, 10 Pick. 228 ; *Leeds et al.* v. *Lancashire*, 2 Campb. 205 ; *Hartley* v. *Wilkinson*, 4 Campb. 127 ; *S. C.* 2 M. & S. 25 ; *Effinger, Guardian,* v. *Richards, Administrator*, 35 Miss. 540 ; *Cholmeley* v. *Darley*, 14 M. & W. 344 ; *Pool* v. *McCrary et al.* 1 Geo. 319.

If the suit had been on the lease, and the defendant had claimed that the time of payment had been extended, some consideration would have been necessary to support an agreement to extend. But here the suit is on notes, and as to all notes containing this memorandum, it is the same as if the time of payment, that is, when the mill could run at a profit, had been mentioned in the body of the note, and needs no further consideration. But this agreement, so conditioned, is not a promissory note, and cannot be declared on as such. The plaintiff must declare on his special agreement, and must aver and prove that the circumstances have happened which fix the time of payment.                                   *New trial granted.*